IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FRIENDS OF THE CRAZY MOUNTAINS, a public land organization, *et al*., <br><br> Plaintiffs, <br><br> vs. <br><br> MARY ERICKSON, in her official capacity as Forest Supervisor for the Custer Gallatin National Forest, *et al*., <br><br> Defendants. | CV 19-66-BLG-SPW-TJC <br><br><br> **ORDER** |

Before the Court is Plaintiffs' Motion to File Supplemental Complaint. (Doc. 35.)  The matter is fully briefed and ripe for review.  (Docs. 36, 39, 41.) Having considered the parties' submissions, the Plaintiffs' motion will be GRANTED.

**I.     Background**

Both parties have previously briefed the facts of this case, and the Court has recounted those facts in two orders.  (*See e.g.* Docs. 7-9, 10, 14, 19, 29-31, 36-38.) The Court will, therefore, limit discussion to the procedural history relevant to the issue at hand.

Plaintiffs filed this case on June 10, 2019, seeking declaratory and injunctive relief against Defendants under the Administrative Procedure Act ("APA"), 5

1

U.S.C. § 701 *et seq.*, for violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 *et seq.*  (Doc. 1.)  Prior to Defendants filing an answer, Plaintiffs sought a preliminary injunction to halt the implementation of the Porcupine – Ibex Trail Project ("Ibex Project").  (Doc. 6.)  On July 29, 2019, District Judge Susan P. Watters denied the motion for preliminary injunction. (Doc. 10.)

Defendants subsequently responded to the Complaint by filing a motion to dismiss on August 19, 2019.  (Doc. 13.)  Plaintiffs then timely filed an Amended Complaint on September 6, 2019; Defendants filed an answer, rendering their motion to dismiss moot.  (Docs. 18, 20, 21.)

The Amended Complaint added causes of action alleging violations of the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 2 § 1 *et seq.*, and the Federal Land Policy Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.*  (Doc. 18.)  The FLPMA cause of action, germane here, alleges the U.S. Forest Service ("USFS") failed to consider that law's valuation requirements for the exchange of easements or easement interests for the Ibex Project.  (*Id.* at 40-42.)

The parties filed a joint case management plan in November 2019, and the Court subsequently issued a scheduling order on December 19, 2019, which set deadlines for motions concerning the administrative record and summary

2

judgment.  (Docs. 23, 25.)  After Defendants filed the administrative record,

Plaintiffs objected and moved the Court to compel Defendants to file a complete

record, along with motions to strike post-decisional documents and to stay briefing.

(Doc. 28.)  The Court granted Plaintiffs' motions in part and denied in part,

ordering Defendants to supplement the administrative record, striking certain

documents, and staying the briefing schedule.  (Doc. 42.)  The parties then

submitted a new joint management plan and the Court issued a new amended

scheduling order.  (Docs. 43, 44.)  Defendants also filed the supplemental

administrative record on October 30, 2020.  (Doc. 45.)

Between the filing of Plaintiffs' motion to complete the administrative

record and the Court's subsequent order, Plaintiffs filed the instant Motion to

Supplement Complaint, alleging new facts and events have occurred that involve

new parties who participated in the alleged exchange of easements or easement

interests.  (Doc. 35.)  Plaintiffs wish to add both the new events and the new parties

to this action, and argue that the private parties who participated in the alleged

easement exchange are necessary parties under Fed. R. Civ. P. 19(a).

## II.    Legal Standard

Fed. R. Civ. P. 15(d) governs supplemental pleadings and provides, in

pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit
> a party to serve a supplemental pleading setting out any transaction,

occurrence, or event that happened after the date of the pleading to be supplemented.

Under the plain language of the rule, supplemental pleadings are used to allege relevant facts occurring after the original pleading was filed. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988); *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Additionally, "persons participating in these new events may be added if necessary." *Griffin v. County School Board*, 377 U.S. 218, 227 (1964); *Keith*, 858 F.2d at 476. In this regard, a supplemental pleading does not replace the prior pleading but is "merely part of the same old cause of action …" *Id.* at 226; *Keith*, 858 F.2d. at 475.

Supplemental pleadings have long been seen as a useful tool of judicial economy and convenience, and are therefore favored. *Keith*, 858 F.2d. at 473; *Crow Allottees Ass'n v. McElya*, 2015 WL 4544508, at *3 (D. Mont. July 27, 2015), aff'd sub nom. *Crow Allottees Ass'n v. United States Bureau of Indian Affairs*, 705 F. App'x 489 (9th Cir. 2017). District Courts have broad discretion in allowing supplemental pleadings and should liberally construe the rule absent a showing of prejudice to the defendant. *Keith*, 858 F.2d at 475-476 (collecting cases).

While Rule 15(d) contemplates events occurring after the original pleading, Rule 19 governs compulsory party joinder. *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1077 (9th Cir. 2010) ("*Peabody*"). Under Rule 19(a)(1), it must first be

4

determined whether the absent party is subject to service of process, and whether their joinder will deprive the court of subject matter jurisdiction.  If the party is subject to service and the court maintains subject matter jurisdiction, the Court must then determine whether joinder of the party is required, asking if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

## III.   Discussion

Plaintiffs assert that when they filed their Amended Complaint on September 6, 2019 (Doc. 18), the alleged exchange of easements or easement interests between USFS and some private landowners for the Ibex Project had not occurred.  (Doc. 36 at 4, citing Doc. 36-3.)  Plaintiffs state that they did not know until January 2020, after the administrative record was filed, that the exchange had taken place just weeks after filing the Amended Complaint.  (Doc. 36 at 4, citing Doc. 36-2.)  Plaintiffs thus argue that events relevant to the instant action occurred

after the filing of the Amended Complaint and that the private landowners – M

Lazy 3, LLC and Henry Guth, Inc. (collectively, "Landowners") – are required

parties.  (Doc. 36 at 4, 8-13.)

Defendants argue that no land or easement exchange has occurred, the

Landowners are not necessary parties, and their joinder is not feasible.  (Doc. 39 at

8-9.)

The Court will first address whether new relevant facts or events have

occurred since the filing of Plaintiffs' Amended Complaint to satisfy Rule 15, and

then turn to joinder requirements under Rule 19.

A.      Rule 15 – Supplemental Pleading

Plaintiffs proffer the USFS Public Scoping Packet for the Proposed

Porcupine Ibex Trail to show they (and the public) were led to believe the new

easements would not be recorded, nor easement interests in the current trail route

relinquished, until after construction of the Ibex Project was completed.  (Docs. 36

at 4; 36-3 at 2) ("Once the new trail (Porcupine Ibex trail) is completed and

easements recorded, the Forest Service will relinquish interest on the current

Porcupine Lowline trail.…")  Plaintiffs also proffer the releases of easement

interests that were recorded after the Amended Complaint to show a new event

occurred relevant to their claims.  (Doc. 36-2; *see* Doc. 24.)

6

Defendants do not deny the timing of the recordation of the easement instruments, but instead argue that Plaintiffs have failed to establish any new events that warrant a delay in this action.  (Doc. 39 at 25.)  In support, Defendants continue to argue that no exchange of easement interests ever occurred.  (*Id.* at 7, 8-12, 23.)

The Court finds that Plaintiffs have shown that a new event occurred after the filing of the Amended Complaint that is relevant to their FLPMA claim.  In the Amended Complaint, Plaintiffs' allegations focus on the authorization of an easement exchange.  (Doc. 18 at ¶¶ 131-133.)  The date of the easement releases, September 20, 2019, show the Plaintiffs could not have known the easements were actually executed until after filing the Amended Complaint, favoring supplementation.

Defendants' attempt to argue the merits of Plaintiffs' FLPMA claim is premature.  As the Court found in its prior order to supplement the administrative record, Plaintiffs' FLPMA claim "plausibly triggers the requirements for land disposition" because they alleged an exchange of easement interests occurred. (Doc. 42 at 15, 18.)  Without deciding the issue, the Court also found that the alleged transfer of property interests may implicate the consummation of separate decision-making under FLPMA; that is, a different final agency action.  (*Id.* at 15.) The Court thus declined to address the merits of the FLPMA claim then, and

7

refrains from doing so now, as summary judgment is the proper avenue for such determinations.

Therefore, Defendants have failed to rebut Plaintiffs' proffered documents, which clearly support a new event occurring since the filing of the Amended Complaint on September 6, 2019.

The Court also finds that supplementation of the pleadings will not be prejudicial to the government. The Court previously ordered that Defendants supplement the administrative record. (Doc. 42.) The supplemental administrative record was just filed on October 30, 2020, and briefing on the merits has not occurred.

Furthermore, the Plaintiffs' request to supplement the pleadings is in response to the government's own actions. As discussed above, the alleged exchange of easements took place after the filing of the Amended Complaint, which pled violations of FLPMA for "authorizing the easement exchange." (*See e.g.* Doc. 18 at ¶¶ 131-133.) Defendants were aware of the Amended Complaint's newly added FLPMA cause of action and proceeded with some manner of a land transaction shortly after its filing, knowing it was at issue in this case. As noted by the Ninth Circuit in *Desert Citizens Against Pollution v. Bisson*, when considering a land exchange which occurred after the transaction was challenged in a court action, the defendants "acted at their peril in transferring the land while on notice

8

of the pendency of a suit seeking an injunction against them." *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1175, 1187 (9th Cir. 2000).

Therefore, the Court finds that Defendants have failed to make a showing of prejudice.  Further, any delay that the supplemental pleading will cause is attributable, at least in part, to Defendants' execution of easement interests during the pendency of this suit.

### B.    Rule 19 – Required Joinder

Plaintiffs also argue that joinder of the Landowners involved in the recordation of easements and easement interests for the Ibex Project trail is required under Rule 19.  (Doc. 36 at 8.)

Defendants again argue that since there has been no exchange of easement interests, the Landowners' participation is not required to afford complete relief to existing parties.  (Doc. 39 at 8.)  Defendants further assert that "the landowners claim no interest potentially impeded by any resolution of this lawsuit."  (*Id.*)

#### 1.    *Service of Process and Subject Matter Jurisdiction*

First, the Court finds that the absent Landowners are subject to service of process, and joinder will not divest the Court's subject matter jurisdiction, satisfying Rule 19(a)(1)'s threshold determination for feasibility.

Documents related to the recordation of easements on September 2019 show the Landowners (and their respective lands) are physically located and addressed in

9

Montana, satisfying M.R.Civ. P. 4(b)(1) & (b)(1)(C).  (*See* Docs. 36 at 4-5; 36-2 at 1, 7.)  Thus, the Landowners are subject to service of process.

As to subject matter jurisdiction, Plaintiffs assert that nonfederal defendants may be joined in a NEPA action, citing *Kettle Range Conservation Group v. U.S. BLM*, 150 F.3d. 1083, 1086 (9th Cir. 1998).  (Doc. 36 at 12-13.)  Defendants counter that none of the statutes under which Plaintiffs advance claims – FACA, NEPA, NFMA, and FLPMA – provide a right of action against private parties. (Doc. 21 at 28.)

While the federal government is typically the only proper defendant under these enactments, nonfederal defendants may be joined in the instant action without divesting the Court's federal question jurisdiction.  In fact, the Ninth Circuit has acknowledged private parties can be joined in both NEPA and FLPMA claims.  See e.g., *Kettle Range*, 150 F.3d at 1087 (NEPA); *Desert Citizens*, 231 F.3d at 1187 (FLPMA); and *Western Lands Project v. U.S. Bureau of Land Management*, 2007 WL 9734511 at *7 (D. Nev. Sept. 25, 2007) ("the Ninth Circuit has approved of the joinder of non-federal defendants in land exchange cases alleging violations of NEPA and FLPMA where an order declaring the executed portion of the land exchange void *ab initio* would destroy the legal entitlements of the absent parties.") (Internal citations and quotations omitted.)  In *Desert Citizens*, for example, plaintiff environmental organizations challenged a Bureau of Land

Management ("BLM") decision to exchange land with private parties under FLPMA and the APA. *Desert Citizens*, 231 F.3d at 1174. The private parties were joined as defendant-intervenors because they were involved in the land exchange, which had already occurred by the time environmental groups sued BLM. *Id.* The Ninth Circuit specifically noted that in an action alleging violations of FLPMA, an order unwinding the land exchange was appropriate because the "necessary parties have been joined," referring to the non-federal defendants. *Id.* at 1187. For the purposes of the present analysis, *Desert Citizens* illustrates that private parties can be joined in an APA/FLPMA action to determine whether a land exchange was lawful without disturbing this Court's federal question jurisdiction.

2.      *Complete Relief*

Plaintiffs argue the only way the Court can provide complete relief is if the easement exchange is rescinded, which would void the private landowners' property interests and compromise their ability to protect their interests. (Doc. 36 at 8-9, 10-11.) Defendants argue that the Landowners' participation is not required to provide complete relief because title has not transferred from USFS to the Landowners. (Doc. 39 at 12.)

Defendants' argument again focuses on the merits of Plaintiffs' FLPMA claim or presumes that the 2009 Roads and Trails "decision" is the "final agency action" at issue here. Both arguments are unavailing at this juncture. As discussed

11

above, the Court declines to entertain the merits of Plaintiffs' FLPMA claim,

which will be determined at summary judgment.

Moreover, as in *Kettle Range* and *Desert Citizens*, where complete relief can

only be granted by rescinding and invalidating a property transaction between the

United States and private parties, the private entities are required parties under

Rule 19.  In this case, for example, if summary judgment is entered in favor of

Plaintiffs, finding that Defendants violated the valuation provisions of FLPMA,

then any property interests that the Landowners conveyed or acquired in the

alleged exchange would be invalidated.

Therefore, the Court finds that under Rule 19(a)(1)(A) and (B)(i), complete

relief cannot be afforded to the existing parties in the absence of Landowners, and

proceeding in their absence would also impair or impede the Landowners' ability

to protect their property interests.  Thus, the Landowners are persons required to be

joined and their joinder is feasible.

## IV.   Conclusion

The Court finds that a new event has occurred warranting a supplemental

pleading, that the reasons for supplementation outweigh any prejudice to

Defendants, and that joinder of the Landowners is both feasible and required.

Therefore,

IT IS HEREBY ORDERED that Plaintiffs' motion to supplement (Doc. 35) is GRANTED.  Plaintiffs shall promptly file the supplemental pleading in accordance with Local Rule 15.1.

**IT IS ORDERED**.

DATED this 18th day of November, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge