**MARK STEGER SMITH**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 2nd Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: mark.smith3@usdoj.gov

**JOHN M. NEWMAN**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 829-3336
Fax: (406) 542-1476
Email: john.newman@usdoj.gov

**Attorneys for Federal Defendants**
**United States of America**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| **FRIENDS OF THE CRAZY MOUNTAINS, a public land organization; MONTANA CHAPTER BACKCOUNTRY HUNTERS AND ANGLERS, a non-profit organization; ENHANCING MONTANA'S WILDLIFE AND HABITAT, a public outreach organization; SKYLINE SPORTSMEN'S ASSOCIATION, a non-profit organization,** | CV 19-66-BLG-SPW-TJC<br><br>**FEDERAL DEFENDANTS' ANSWER TO FIRST SUPPLEMENTAL COMPLAINT** |

1

| | |
|---|---|
| **Plaintiffs,**<br><br>vs.<br><br>**MARY ERICKSON, in her official capacity as Forest Supervisor for the Custer Gallatin National Forest; LEANNE MARTEN, in her official capacity as Regional Forester, Region One, for the U.S. Forest Service; VICKI CHRISTIANSEN, in her official capacity as chief of the U.S. Forest Service; THE UNITED STATES FOREST SERVICE, a federal agency; THE UNITED STATES DEPARTMENT OF AGRICULTURE, a federal department,**<br><br>**Federal Defendants.** | |

Comes now the United States, and responds to the allegations in the first amended complaint using the same paragraph numbering as set forth in the first amended complaint.

1. Paragraph 1 consists of Plaintiffs' characterization of their claims and requires no response. To the extent any further response may be deemed required, deny Plaintiffs are entitled to any relief.

2. Admit the four trails are in the Crazy Mountain area and include National

2

Forest System lands on the Custer Gallatin National Forest. Otherwise deny.

    3.-6.    Deny.

    7.    The United States denies the allegations in paragraph 7 for lack of knowledge.

    8.    Paragraph 8 consists of a legal conclusion that the Court possesses jurisdiction. While the cited statutes can provide jurisdiction, Plaintiffs fail to establish they are eligible to invoke such statutory provisions in support of their claims. Pending such demonstration, deny for lack of knowledge.

    9.    Paragraph 9 consists of a legal conclusion that venue is proper. While the cited statute governs venue, Plaintiffs fail to establish any factual basis for the assertion that venue is proper. Pending such demonstration, deny for lack of knowledge.

    10.    Admit there is a controversy between the parties, deny it is a present actual dispute capable of being remedied by an order of the Court. Otherwise deny.

    11.    Paragraph 11 consist of legal conclusions, and requires no response. To the extent any further response may be deemed required, deny.

    12.    Paragraph 12 asserts legal conclusions and requires no response. To the extent any further response may be deemed required, deny.

    13.-21.    Deny for lack of knowledge.

22. Paragraph 22 consists of a legal conclusion that requires no answer. To the extent a further response may be deemed required, deny the Forest Service has not fully complied with the named statutes.

23. Deny first sentence for lack of knowledge. Otherwise deny.

24. Deny Plaintiffs are entitled to relief or that remedies available under the operative statutes will diminish Plaintiffs' purported harms.

25. Defendants admit first sentence of paragraph 25. In response to the second sentence, deny, except to admit Mary Erickson is the Forest Supervisor for the Custer Gallatin National Forest.

26. Defendants admit first sentence of paragraph 26. In response to the second sentence, deny, except to admit Leanne Marten is the Regional Forester for the Northern Region (Region One) of the Forest Service.

27. Defendants admit first sentence of paragraph 27. In response to the second sentence, deny, except to admit Vicki Christensen is the Chief of the Forest Service.

28. Admit first sentence. Deny second sentence.

29. Admit.

30. Admit first sentence. Deny second sentence.

31. Admit first sentence. Deny second sentence.

32. Deny for lack of knowledge.

33. Defendants admit the allegations in the first and second sentences. Deny third sentence.

34. Defendants deny paragraph 34.

35. Defendants deny the first sentence of paragraph 35. In response to the second sentence, admit the trail was previously known as Trail 115 and is today referred to as Trail 136.

36. Defendants deny paragraph 36.

37. Defendants admit the second sentence of paragraph 37. Otherwise deny.

38.-45. Defendants deny paragraphs 38-45.

46. Defendants admit the third and fourth sentences of paragraph 46. Otherwise deny.

47. Defendants admit paragraph 47.

48. Defendants deny the first sentence of paragraph 48. Admit the second sentence.

49. Admit first sentence. Deny second sentence contains a complete and accurate portrayal of the referenced Forest Service statement.

50. Defendants deny the first sentence of paragraph 50 for lack of knowledge. The second sentence states a legal conclusion and requires no response. To the extent

5

a further response may be deemed required, deny for lack of knowledge.

51.  Defendants deny the first sentence of paragraph 51 for lack of knowledge. The second sentence purports to characterize a complaint, which speaks for itself and is the best evidence of its content. Admit the quoted language occurs within the referenced complaint, but deny the excerpt fully or accurately recaps the allegations.

52.  Admit Plaintiffs in the referenced case moved for a preliminary injunction. Otherwise deny for lack of knowledge.

53.  Paragraph 53 purports to quote a 2007 Forest Service brief and supporting declaration. Admit the brief and declaration contain the quoted language. Deny the excerpt fully or accurately depicts the contents of the brief or declaration, which speak for themselves and are the best evidence of their content.

54.  Defendants admit the Forest Service made the statements quoted in paragraph 54, deny the statements were correlated to the routes at issue in this litigation.

55.  Defendants admit the Forest Service made the statements quoted in paragraph 55, deny the statements were correlated to the routes at issue in this litigation.

56.  Paragraph 56 purports to quote a 2007 Forest Service brief. Admit the brief contains the quoted language. Deny the excerpt fully or accurately depicts the

contents of the brief, which speaks for itself and is the best evidence of its content.

57. Paragraph 57 purports to quote a 2007 Forest Service brief and supporting declaration. Admit the brief and declaration contain the quoted language. Deny the excerpt fully or accurately depicts the contents of the brief or declaration, which speak for themselves and are the best evidence of their content.

58. Admit first sentence. Deny second and third sentences for lack of knowledge.

59. Deny.

60. Defendants deny paragraph 60 for lack of knowledge.

61. Paragraph 61 states legal conclusions and requires no response. To the extent any further response may be deemed required, Defendants deny for lack of knowledge.

62. Deny for lack of knowledge.

63. Admit second sentence. Otherwise deny for lack of knowledge.

64. Defendants deny paragraph 64 for lack of knowledge.

65. Deny paragraph 65 except to admit the Forest Service has been aware of disputes on these routes.

66.-69. Defendants deny paragraphs 66-69.

70. Admit.

71. Admit first sentence.  Deny second sentence except to admit some landowners wrote complaint letters to the Forest Service.

72.-74. Admit.

75.-81. Defendants deny paragraphs 75-81.

82. Admit first sentence.  Deny second sentence for lack of knowledge.

83.-85. Defendants deny paragraphs 83-85.

86. Admit that the Forest Service issued a March 2, 2018, scoping notice soliciting public input for the Porcupine Ibex trail.  Deny that the scoping notice stated that the Forest Service would complete an exchange or only relinquish its interest on the Porcupine Lowline trail once the new Porcupine Ibex trail is completed.

87. Deny.

88. Admit first sentence.  As to second sentence, admit that on September 20, 2019, M Hanging Lazy 3 LLC donated to the United States of America a public trail easement for a portion of the Porcupine Ibex trail, and deny the remainder of the sentence.

89. Admit first sentence.  As to second sentence, admit that on September 20, 2019, Henry Guth, Inc. donated to the United States of America a public trail easement for a portion of the Porcupine Ibex trail, and deny the remainder of the sentence.

90. Admit that the Service released any interest it held in approximately 7.75 miles of the Porcupine Lowline trail. Admit that Henry Guth donated a public easement for a section of the Porcupine Ibex trail in part of Section 35, Township 4 North, Range 10 East.  Admit that M Hanging Lazy 3 LLC donated a public easement for a section of the Porcupine Ibex trail in Section 11, 15, and 22, Township 4 North, Range 10 East.  Admit the total length of the trail easements donated by Lazy 3 LLC and Henry Guth was less than 7.75 miles. Deny the remainder of paragraph 90.

91. The allegations of paragraph 91 purport to characterize a release, which speaks for itself and is the best evidence of its content.  Deny Plaintiffs' allegations fully or accurately depict the release as executed.

92. Defendants deny paragraph 92.

93. Admit first sentence.  Otherwise deny.

94. Deny fifth sentence for lack of knowledge.  Otherwise deny.

95. Defendants incorporate all previous responses by reference.

96. Paragraph 96 purports to characterize the FACA, which speaks for itself and is the best evidence of its content.  Plaintiffs' allegations consist of legal conclusions and require no response.  To the extent any additional response may be deemed required, deny Plaintiffs' partial quotations fully or accurately depict the relevant FACA provisions.

97. Paragraph 97 purports to characterize the purpose of FACA, which speaks for itself and is the best evidence of its content. Plaintiffs' allegations consist of legal conclusions and require no response. To the extent any additional response may be deemed required, deny Plaintiffs' characterization fully or accurately depict the FACA or its purposes.

98. Paragraph 98 purports to characterize FACA §§ 9(c), 10(a), and 10(c), which speak for themselves and are the best evidence of their content. Plaintiffs' allegations consist of legal conclusions and require no response. To the extent any additional response may be deemed required, deny Plaintiffs' partial quotations fully or accurately depict the relevant FACA provisions.

99. Paragraph 99 purports to characterize FACA § 10(b), which speaks for itself and is the best evidence of its content. Plaintiffs' allegations consist of legal conclusions and require no response. To the extent any additional response may be deemed required, deny Plaintiffs' partial quotation fully or accurately depict the relevant FACA provisions.

100. Paragraph 100 purports to characterize FACA §§ 5(b)(2) and 5(b)(3), which speak for themselves and are the best evidence of their content. Plaintiffs' allegations consist of legal conclusions and require no response. To the extent any additional response may be deemed required, deny Plaintiffs' partial quotations fully

10

or accurately depict the relevant FACA provisions.

101-104.   Deny.

105.   Admit first sentence.  Otherwise deny.

106.   Admit first sentence.  Otherwise deny for lack of knowledge.

107.   Deny.

108.   Defendants incorporate all previous responses by reference.

109.   Paragraph 109 consists of legal conclusions and requires no response. NEPA speaks for itself and is the best evidence of its content.  To the extent any further response may be deemed required, admit.

110.-111.   Defendants deny paragraphs 110-111.

112.   In response to paragraph 112, Defendants admit the Forest Service added the Porcupine Ibex project to their Schedule of Proposed Actions on March 1, 2018.

113.   Admit Plaintiffs submitted comments.  Otherwise deny.

114.   Defendants deny first sentence.  Defendants admit the second and third sentences.

115.-118.   Deny.

119.   Defendants incorporate all previous responses by reference.

120.   Paragraph 120 purports to portray NEPA, which speaks for itself and is the best evidence of its content.  The allegations also consist of legal conclusions, and

11

require no response.  To the extent any additional response may be deemed required, deny the allegations fully or accurately portray the relevant NEPA requirements regarding proposed actions.

121.    Paragraph 121 consists of definitions of "direct" and "indirect" and "cumulative" effects as set forth in the Forest Service Handbook.  Admit the paragraph accurately quotes a part of the Handbook.

122.-123.    Deny.

124.    Defendants incorporate all previous responses by reference.

125.-127.    Defendants deny paragraphs 125-127.

128.    Defendants incorporate all previous responses by reference.

129.    Paragraph 129 purports to portray NEPA, which speaks for itself and is the best evidence of its content.  The allegations also consist of legal conclusions, and require no response.  To the extent any additional response may be deemed required, deny the allegations fully or accurately portray the relevant NEPA requirements regarding evaluation and disclosure of proposed actions.

130.    Paragraph 130 purports to portray the standard of review for NEPA claims under the APA, which is addressed by governing case law that speaks for itself and is the best evidence of its content.  The allegations also consist of legal conclusions, and require no response.  To the extent any additional response may be

deemed required, deny the allegations fully or accurately portray the relevant tenets of APA review.

    131.-134.   Deny.

    135.   Defendants incorporate all previous responses by reference.

    136.-138.   Deny.

    139.   Paragraph 139 purports to portray FLPMA, which speaks for itself and is the best evidence of its content.  The allegations also consist of legal conclusions, which require no response. To the extent any further response may be deemed required, admit the partial quotes are accurate.  Otherwise deny.

    140.   Deny.

    141.   Deny first sentence.  In response to the second sentence, admit the Forest Service did not obtain an opinion regarding market value.  Otherwise deny.

    142.   Deny.

    143.   Deny.

    144.   Defendants incorporate all previous responses by reference.

    145.   Paragraph 145 purports to characterize NFMA, which speaks for itself and is the best evidence of its content.  The allegations also consist of legal conclusions, which require no response.  To the extent any further response may be deemed required, deny the paragraph fully or accurately portrays 16 U.S.C. § 1604(i)

or 40 C.F.R. §1505.3.

146.-152.   Deny.

153.   Defendants incorporate all previous responses by reference.

154.   Paragraph 154 purports to characterize the Travel Plan, which speaks for itself and is the best evidence of its content.  The allegations also consist of legal conclusions, which require no response.  To the extent and further response may be deemed required, admit the paragraph accurately quotes part of the Travel Plan.

155.   Defendants deny paragraph 155 fully or accurately portrays the Travel Plan.

156-161. Deny.

The remainder of the amended complaint consists of Plaintiffs' requests for relief, which require no response.  If any additional response is deemed required, deny Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Any allegation in the amended complaint requiring a response under Fed. R. Civ. P. that is not effectively responded to above is hereby denied.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs failed to adequately identify one or more of their claims during the administrative process, thereby waiving or failing to exhaust such claim(s).

14

2. The Court lacks jurisdiction over one or more of Plaintiffs' claims.

3. Plaintiffs have failed to establish standing.

**DATED** this 2nd day of December, 2020.

        KURT G. ALME
        United States Attorney


        <u>/s/ MARK STEGER SMITH</u>
        Assistant U.S. Attorney
        Attorney for Federal Defendants