ETHAN W. BLEVINS, Mont. Bar No. 37415893
Email: EBlevins@pacificlegal.org
Pacific Legal Foundation
839 W 3600 S
Bountiful, Utah 84010
Telephone: (206) 619-8944
Facsimile: (916) 419-7747

JEFFREY W. McCOY*, Colo. Bar No. 43562
Email: JMccoy@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
*Pro Hac Vice

*Attorneys for Defendants M Hanging Lazy 3, LLC
and Henry Guth, Incorporated*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| FRIENDS OF THE CRAZY MOUNTAINS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>MARY ERICKSON, in her capacity as Forest Supervisor for the Custer-Gallatin National Forest; M HANGING LAZY 3, LLC; HENRY GUTH, INCORPORATED, *et al.*,<br><br>Defendants. | No. 1:19-cv-00066-SPW-TJC<br><br>**LANDOWNERS' REPLY BRIEF IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................ii

INTRODUCTION......................................................................... 1

ARGUMENT ............................................................................. 3

   I.   The Forest Service Never Owned a Bona Fide Property
       Interest Across the Zimmermans' Property Before the
       Trail Donation Agreement ............................................... 3

      A.   As this Court previously recognized, at most the Forest
            Service only had a potential prescriptive easement ................... 3

      B.   *Montana Wilderness Association* did not establish a
            bona fide property interest across private property ................... 5

      C.   The Railroad Deed created no easement.................................. 10

   II.   Because the Forest Service Lacked a Bona Fide
       Interest, None of the Governing Statutes Applied
       to the Trail Donation................................................... 12

      A.   The Forest Service did not violate NFMA................................ 12

      B.   The Forest Service did not violate FLPMA.............................. 14

      C.   The Forest Service did not violate NEPA ............................... 15

   III. Even If the Forest Service Had a Bona Fide
       Easement Prior to the Trail Donation Agreement,
       FLPMA Section 206, NFMA, or Their Implementing
       Regulations Would Not Apply........................................... 18

CONCLUSION ......................................................................... 23

CERTIFICATE OF COMPLIANCE........................................................ 24

CERTIFICATE OF SERVICE............................................................. 25

# TABLE OF AUTHORITIES

## Cases

*Blazer v. Wall,*
  343 Mont. 173, 183 P.3d 84 (2008) .................................................... 12

*Cedar Point Nursery v. Hassid,*
  141 S. Ct. 2063 (2021) ........................................................................ 14

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.,*
  140 S. Ct. 1891 (2020) ..................................................................... 8–9

*Grimsley v. Est. of Spencer,*
  206 Mont. 184, 670 P.2d 85 (1983) ................................... 1, 4, 7–8, 13

*Lee v. City of Los Angeles,*
  250 F.3d 668 (9th Cir. 2001) ............................................................... 8

*Lyndes v. Green,*
  374 Mont. 510, 325 P.3d 1225 (2014) ................................... 1–4, 8, 13

*Montana Wilderness Ass'n v. McAllister,* No. CV-07-39-DWM,
  2008 WL 11348231 (D. Mont. Sept. 30, 2008)................................... 5

*Montana Wilderness Association v. McAllister,*
  658 F. Supp. 2d 1249 (D. Mont. 2009).................................................. 5

*Pub. Lands Access Ass'n, Inc. v.*
  *Boone & Crockett Club Found., Inc.,*
  259 Mont. 279, 856 P.2d 525 (1993) ...................................... 3–4, 7, 14

*Reichle v. Anderson,*
  284 Mont. 384, 943 P.2d 1324 (1997) ............................................... 11

*Ruana v. Grigonis,*
  275 Mont. 441, 913 P.2d 1247 (1996) .......................................... 10–11

*State By & Through Montana State Fish & Game Comm'n v.*
  *Cronin,* 179 Mont. 481, 587 P.2d 395 (1978)..................................... 11

*U.S. Forest Serv. v. Cowpasture River Pres. Ass'n,*
  140 S. Ct. 1837 (2020)......................................................... 2–3, 20,21

*Wild River Adventures, Inc. v. Bd. of Trustees of School Dist.*
  *No. 8 of Flathead County*,
  248 Mont. 397, 812 P.2d 344 (1991) ............................................. 10–11

## Statutes

16 U.S.C. § 1604(a) ..................................................................... 2, 13, 21

16 U.S.C. § 1604(i) ............................................................................. 21

16 U.S.C. § 1609(a) .............................................................................. 2

42 U.S.C. § 4332(C) ............................................................................ 16

43 U.S.C. § 1716(a) .................................................... 2, 14–15, 18, 19, 21

## Regulations

36 C.F.R. § 220.6(d) ...................................................................... 17–18

36 C.F.R. § 220.6(d)(6)(i) .............................................................. 2, 17

36 C.F.R. § 220.6(d)(7) ..................................................................... 18

36 C.F.R. § 254.1(a) .......................................................................... 19

36 C.F.R. § 254.1(b) .......................................................................... 20

40 C.F.R. § 1500.1(a) ........................................................................ 16

40 C.F.R. § 1508.1(q)(1)(iv) .............................................................. 17

40 C.F.R. § 1508.1(q)(3) .................................................................... 16

41 C.F.R. §§ 102-75.936–102-75.938 ................................................... 22

## Other Authorities

85 Fed. Reg. 73,620-01 (Nov. 19, 2020) ............................................... 17

*Montana Wilderness Ass'n v. McAllister*,
  07-cv-39, Doc. 53 (D. Mont. Nov. 26, 2007),
  *adopted by* Order Denying Preliminary Injunction,
  07-cv-39, Doc. 59 (Dec. 20, 2007) ........................................................ 6

## INTRODUCTION

All of Plaintiffs' arguments rest on the faulty premise that the Forest Service owned a bona fide property interest across the private lands at issue. But as this Court has previously recognized, Doc. 10 at 21–22, at most the Forest Service had a potential easement across the property. That conclusion is supported by the administrative record: Forest Service officials knew that the agency did not hold any interest across the property owned by Defendants M Hanging Lazy 3, LLC and Henry Guth, Incorporated (collectively "the Zimmermans"). Zimmermans' Statement of Undisputed Facts (SOF), Doc. 87, ¶¶ 19, 20, 22; AR_001525; AR_005376. Instead, the Forest Service knew it would need to acquire access rights from the owners. Zimmermans' SOF ¶ 22; AR_001525. But even if the Forest Service had asserted that it owned a bona fide interest in the Zimmermans' property, that would have been insufficient to acquire title to a prescriptive easement. *Grimsley v. Est. of Spencer*, 206 Mont. 184, 196, 670 P.2d 85, 92 (1983). Unless and until the Forest Service went through the process of perfecting the easement in a lawsuit against the Zimmermans, it did not own a bona fide interest in property. *Lyndes v. Green*, 374 Mont. 510, 514, 325 P.3d 1225, 1229–30

(2014). The Forest Service never went through the process, opting instead to acquire an easement through negotiation, not litigation.

Because the Forest Service never had a bona fide property interest, none of the agency's governing statutes applied to the trail donation. The National Forest Management Act (NFMA) only regulates lands within the National Forest Service System. 16 U.S.C. § 1609(a). Similarly, Section 206 of the Federal Land Policy and Management Act (FLPMA) only applies to public land or interests therein. 43 U.S.C. § 1716(a). Because the Forest Service owned no bona fide interests, there were no interests to regulate. Furthermore, the Forest Service did not violate the National Environmental Policy Act (NEPA) because the Forest Service's decision not to litigate a potential easement claim is not a major federal action and acceptance of a trail donation is categorically excluded from NEPA analysis. *See* 36 C.F.R. § 220.6(d)(6)(i).

Finally, even assuming the Forest Service had a bona fide interest, Plaintiffs' FLPMA and NFMA claims would still fail. FLPMA and NFMA only regulate federal land and interests in federal land. 43 U.S.C. § 1716(a); 16 U.S.C. § 1604(a). Even if the Forest Service previously owned an easement, it would be an interest in *private* land. *Cf. U.S.*

*Forest Serv. v. Cowpasture River Pres. Ass'n*, 140 S. Ct. 1837, 1844–46 (2020) (a right-of-way easement does not convert the regulatory status of underlying land). Therefore, FLPMA and NFMA do not apply to the Trail Donation Agreement.

## ARGUMENT

I. **The Forest Service Never Owned a Bona Fide Property Interest Across the Zimmermans' Property Before the Trail Donation Agreement.**

A. **As this Court previously recognized, at most the Forest Service only had a potential prescriptive easement.**

All the Plaintiffs' claims fail because the Forest Service did not have a bona fide property interest prior to the Zimmermans' donation. *See* Doc. 10 at 21–22. The Plaintiffs argue that the Forest Service believed it had prescriptive easements in the lands at issue, *see* Plaintiffs' Reply at 9–10, but that is irrelevant. What matters is what interests the Forest Service actually owned. The Forest Service could not have owned a prescriptive easement because it never proved, by clear and convincing evidence, any alleged claim to an easement under Montana law. *See Lyndes*, 374 Mont. at 514. This process is necessary because "one who has legal title should not be forced to give up what is rightfully his without the opportunity to know that his title is in jeopardy and that he can fight for it." *Pub. Lands*

3

*Access Ass'n, Inc. v. Boone & Crockett Club Found., Inc.*, 259 Mont. 279, 283, 856 P.2d 525, 527 (1993) (quotations omitted); *Lyndes*, 374 Mont. at 524 (same). One cannot obtain title to a prescriptive easement by simply declaring that an easement exists. *Grimsley*, 206 Mont. at 196 ("The mere fact that the claimant is a plaintiff claiming under a prior right makes no difference with respect to the requirements for satisfying prescription.").

The Plaintiffs argue, contrary to Montana law, that the Forest Service acquired an easement (and the Zimmermans lost their rights) without any legal process. *See* Plaintiffs' Reply at 1–2. But because the Forest Service never proved the elements of a prescriptive easement in court, it could not own any interest across the Zimmermans' property until the Zimmermans donated an easement in 2019. *See* Doc. 10 at 21–22. The Forest Service's lack of a bona fide interest is fatal to the Plaintiffs' case.

Plaintiffs' argument not only contradicts Montana law and this Court's order on the motion for preliminary injunction, Doc. 10 at 21–22, it is also unsupported by the administrative record. Throughout the planning process for the Forest Plan, Forest Service officials repeatedly recognized that the Forest Service owned no interest in the Zimmermans'

property and would need to acquire or perfect rights of way. Zimmermans' SOF ¶¶ 19, 20, 22; AR_001525; AR_005376. All of the Forest Service's plans were contingent on acquiring those rights. Zimmermans' SOF ¶ 22; AR_001525. Eventually, the Forest Service acquired an easement through "a mutually agreeable resolution with [the] private landowners." Doc. 10 at 18. Only after this agreement did the Forest Service have a bona fide interest in the Zimmermans' property.

## B. *Montana Wilderness Association* did not establish a bona fide property interest across private property.

Plaintiffs' reliance on *Montana Wilderness Association v. McAllister* is misguided. *See* Plaintiffs' Reply at 6–7 (citing *Montana Wilderness Ass'n v. McAllister*, No. CV-07-39-DWM, 2008 WL 11348231 (D. Mont. Sept. 30, 2008)). In *Montana Wilderness Association*, recreational groups challenged the 2006 Travel Plan for not allowing more motorized recreation in the Hyalite Porcupine Buffalo Horn Wilderness Study Area south of Bozeman. 658 F. Supp. 2d 1249, 1252 (D. Mont. 2009). The Zimmermans were not parties to that case, as Plaintiffs admit. Plaintiffs'

Reply at 7 n.3.[1] Nor did that case concern the Crazy Mountains, the Zimmermans' property, or the Porcupine Lowline Trail. Zimmermans' brief in support of cross-motion for summary judgment (Zimmermans' Br.) at 38–39. It also did not purport to resolve any access dispute, contrary to Plaintiffs' errant suggestion.

Instead, the district court in *Montana Wilderness Association* held that any such dispute was "between the landowners and the Forest Service" and could not be asserted by the recreational users. Findings and recommendations on motion for preliminary injunction, 07-cv-39, Doc. 53 at 25 (D. Mont. Nov. 26, 2007), *adopted by* Order Denying Preliminary Injunction, 07-cv-39, Doc. 59 (Dec. 20, 2007). In dicta, the court observed that "[t]he mere fact that a landowner disputes the presence of a prescriptive easement on his or her property does not mean that the landowner is legally correct." *Id.* at 25–26. By the same token, the mere fact that the Forest Service asserts the presence of a prescriptive easement on private property does not mean that it is legally

---

[1] Despite this admission, Plaintiffs continue to incorrectly assert that *Montana Wilderness Association* decided some claim concerning the disputed easement against the Zimmermans. Plaintiffs' Reply at 6 (asserting that "the Forest Service successfully defended the travel plan against *the landowners' claims*" (emphasis added)).

correct. *Grimsley*, 206 Mont. at 196; *see also* Zimmermans' Br. at 38–39. That is why a bona fide easement can only be established through the proper legal processes, which the Forest Service never sought to do here. *Pub. Lands Access Ass'n, Inc.*, 259 Mont. at 283; *see* Plaintiffs' Reply at 10–11 (describing the process for the Forest Service to assert an easement interest in private land and acknowledging it did not follow that process here). Therefore, *Montana Wilderness Association*'s dicta supports the Defendants in this case, not the Plaintiffs.

The Plaintiffs rely on a declaration filed in *Montana Wilderness Association* that asserts that the Forest Service *believes* it could prove a prescriptive easement claim in the Porcupine-Lowline Trail. *See, e.g.*, Plaintiffs' Reply at 6. *See also* Declaration of Robert Dennee (Doc. 79-15) at 4 ¶ 9 (asserting that "the Forest Service believes the United States has an 'easement interest' in this trail system"). As a preliminary matter, both the Forest Service and the Zimmermans objected to Plaintiffs' use of this extra-record evidence. *See* Fed. Defs.' Statement of Disputed Facts, Doc. 84 at 3; Zimmermans' Statement of Disputed Facts, Doc. 88 at 2–3. The Zimmermans noted, for instance, that while the document's existence is judicially noticeable the purported truth of the facts asserted

7

in it is not. *See* Zimmermans' Statement of Disputed Facts at 3–4 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)). In their initial motion, Plaintiffs offered no argument that their introduction of this extra-record evidence was proper and continue to offer no response to the Forest Service's and the Zimmermans' objections in their reply. Nonetheless, Plaintiffs rely extensively on the disputed facts asserted in the declaration as evidence. *See* Plaintiffs' Reply at 6, 8–11, 14, 18, 32, 34, 36, 42; Plaintiffs' Statement of Disputed Facts, Doc. 90 at 5, 25, 27–28, 35–37, 40–42.

Even if the declaration were admissible, it is irrelevant. A mere belief that one owns a prescriptive easement does not establish a bona fide interest in property. *Grimsley*, 206 Mont. at 196. The Forest Service could only acquire title to a prescriptive easement by proving the elements in a lawsuit against the Zimmermans. *Lyndes*, 374 Mont. at 514. The litigation in *Montana Wilderness Association* did not seek to prove those elements and did not even involve the Zimmermans.

Moreover, Plaintiffs' own brief shows that this Court should give no weight to the declaration. As Plaintiffs note, courts owe no deference to an agency's litigation positions. Plaintiffs' Reply at 15 (citing *Dep't of*

*Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1908–09 (2020)). Yet, Plaintiffs argue that the Court should defer to their understanding of the Forest Service's previous litigation position and ignore the agency's current litigation position. This Court does not need to do either. The administrative record demonstrates that the Forest Service recognized that it had, at most, a potential easement interest. Zimmermans' SOF ¶¶ 19, 20, 22; AR_001525; AR_005376. The agency's official position demonstrates that the Forest Service had no interest in property.

Finally, the declaration does not contradict the agency's stated position that it had no bona fide interest in property. The declaration merely speculates that the Forest Service *might* prevail in a prescriptive easement claim. Declaration of Robert Dennee (Doc. 79-15) at 4. This is consistent with the view that the Forest Service only has a potential easement interest. Contrary to the Plaintiffs' belief, the declaration does not establish that the Forest Service had any interest in the Zimmermans' property. *Montana Wilderness Association* is irrelevant to this case.

**C.   The Railroad Deed created no easement.**

In an attempt to demonstrate that someone owned some interest in the Zimmermans' property, the Plaintiffs claim that a railroad deed reserved an easement in the lands at issue. Plaintiffs' Reply at 31. Specifically, Plaintiffs assert that an ancient deed granted an easement to the Forest Service by describing the property as subject to "any public roads 'heretofore laid out or established.'" Plaintiffs' Reply at 31 (citing Plaintiffs' Statement of Undisputed Facts ¶ 183).[2] But Montana law holds that the words "subject to" in a deed, without more, "do not create an easement." *Wild River Adventures, Inc. v. Bd. of Trustees of School Dist. No. 8 of Flathead County*, 248 Mont. 397, 401, 812 P.2d 344, 346 (1991); *see also* Zimmermans' Br. at 16–17. The deed's boilerplate language is the same language the Montana Supreme Court has found inadequate to establish an easement. *See Wild River Adventures*, 248 Mont. at 401–02. *See also Ruana v. Grigonis*, 275 Mont. 441, 449–51, 913

---

[2] The deed is inadmissible. *See* Zimmermans' Statement of Disputed Facts ¶ 183. The Plaintiffs failed to exhaust any argument related to the deed. *See* Federal Defendants' brief in support of cross-motion for summary judgment (Feds. Br.) at 19–20.

P.2d 1247, 1252–54 (1996). Therefore, the deed does not reserve or establish any easement across the Zimmermans' property.

Plaintiffs cite *State By & Through Montana State Fish & Game Comm'n v. Cronin*, 179 Mont. 481, 587 P.2d 395 (1978), for the proposition that "an easement expressly reserved" is effective. Plaintiffs' Reply at 32. But the cited deed does not use reservation language. *See Reichle v. Anderson*, 284 Mont. 384, 389, 943 P.2d 1324, 1327 (1997) (distinguishing deeds that merely describe property "subject to" any easements from a deed that "reserves" an easement). The cited deed does not identify any specific easement or incorporate any maps laying out reserved easements. Instead, it merely references "any" existing easement. Plaintiffs' Reply at 31 (citing Plaintiffs' Statement of Undisputed Facts ¶ 183). That language is insufficient to reserve an easement under Montana law. *Wild River Adventures, Inc.*, 248 Mont. at 401.

Moreover, *Cronin* predates by several decades the relevant precedent interpreting on the effect of "subject to" in a deed, does not purport to interpret the phrase, and does not purport to create any

exception to the subsequent line of precedent.[3] Since definitively interpreting "subject to," the Montana Supreme Court has refused to recognize any exception to its rule. *See Blazer v. Wall*, 343 Mont. 173, 199, 183 P.3d 84, 103 (2008) (refusing "to wrench these settled principles from their moorings—and thereby inject uncertainty into our easement caselaw—by employing a 'subject to' clause to create an easement"). The railroad deed did not establish any interest in property across the Zimmermans' property.

## II.   Because the Forest Service Lacked a Bona Fide Interest, None of the Governing Statutes Applied to the Trail Donation.

### A.   The Forest Service did not violate NFMA.

Because the Forest Service lacked a bona fide property interest, NFMA does not apply to the easement donation and the Forest Service did not violate the statute by accepting the easement donation. Zimmermans' Br. at 37–41. The Plaintiffs incorrectly call this argument a "red herring." Plaintiffs' Reply at 34. Rather, it demonstrates the flaw in Plaintiffs' NFMA claim: if the Forest Service did not own anything,

---

[3] Plaintiffs cite *Cronin* for the proposition that "an easement expressly *reserved*" is effective. Plaintiffs' Reply at 32. But the cited deed does not use reservation language.

then there was nothing the Forest Service could regulate. Feds. Br. at 21–22. And if there is nothing the Forest Service could regulate, then its governing statute does not apply. *See id.*

Contrary to Plaintiffs' assertions, the travel plan does not reflect those trails where the Forest Service asserts it has valid property interests. Plaintiffs' Reply at 34. As the Appeal Deciding Officer confirmed, the Travel Plan's depiction of a trail did not establish any easement but merely indicated the Forest Service's goal of establishing access rights at some later time. *See* Zimmermans' SOF ¶¶ 18, 19; AR_005376. Just because the Forest Service identified *potential* easements, does not mean they owned *actual* easements. *Grimsley*, 206 Mont. at 196 (1983) (mere claim cannot establish a prescriptive easement). A hypothetical claim to an easement is not regulated by NFMA. *See* 16 U.S.C. § 1604(a) (regulating lands within "the National Forest Service System"). And the Forest Service can only own an actual easement by going through the process to perfect that easement. *Id.*; *Lyndes*, 374 Mont. at 514.

Plaintiffs' argument would allow the Forest Service to govern private property by simply decreeing an interest in private property.

Even the Forest Service recognizes that accepting Plaintiffs' NFMA interpretation would violate landowners' private property rights. Feds. Br. at 22. Fortunately, no Forest Service regulation requires the Forest Service to infringe the Zimmermans' property rights here.[4] In fact, the Forest Service Manual reflects a policy of cooperatively working with landowners to obtain needed access. Forest Service Manual § 5463, AR_004980. The Forest Service followed that policy here and did not violate NFMA.

## B.   The Forest Service did not violate FLPMA.

Similarly, FLPMA did not apply to the trail donation. Section 206 only applies to the disposition or exchange of "[a] tract of public land or

---

[4] The Plaintiffs' position also raises constitutional concerns under the Fifth Amendment. Zimmermans' Br. at 33–35. Because title to a prescriptive easement is not transferred until after a party proves the elements, a public prescriptive easement is a taking under the Fifth and Fourteenth Amendments. *Id.*; *Pub. Lands Access Ass'n, Inc.*, 259 Mont. at 283. A transfer of title and an appropriation of the right to exclude is a *per se* physical taking. *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2073–75 (2021). And because the state law on prescription is not a limitation on the *use* of property (such as laws on nuisance) or a recognition of a preexisting right, the longstanding nature of prescriptive easement law in Montana does not factor into the takings analysis. *See id.* at 2079. In response to the Zimmermans' takings argument, Plaintiffs merely assert, without citation to any authority, that a prescriptive easement would not effectuate a taking. Plaintiffs' Reply at 2 n.1.

interests therein." 43 U.S.C. § 1716(a). Prior to the Trail Donation Agreement, the Forest Service owned no bona fide interests in the Zimmermans' property and, therefore, had no interests to dispose of or exchange. Again, the Plaintiffs are wrong that the Forest Service previously determined that is had a legally valid easement. *See* Plaintiffs' Reply at 8. Under Montana law, the Forest Service could only acquire an interest through litigating a prescriptive easement claim. It has never done so. A potential, unproven claim is not a "tract of public land" or an "interest[] therein" and, therefore, FLPMA did not apply to the Trail Donation Agreement.

## C.   The Forest Service did not violate NEPA.

Finally, the Forest Service did not violate NEPA in accepting the easement donation.[5] Plaintiffs argue that NEPA required the Forest Service to analyze "releasing the Forest Service's easement interests on large portions of existing trails" and "acquiring new easements from

---

[5] Again, the Plaintiffs' failure to exhaust the NEPA claims is sufficient to defeat those claims. Zimmermans' Br. at 16 n.4. But even if the claims are properly before this Court, they still fail for the reasons set forth in this section.

landowners to access the new trail." Plaintiffs' Reply at 20.[6] But, again, because the Forest Service did not own a bona fide interest in property, the Forest Service did not *exchange* easement interests. Instead, the agency agreed not to pursue any potential claims the agency may have, and accepted a donation of an easement. Neither action required NEPA analysis.

NEPA requires an analysis for "major Federal actions." 42 U.S.C. § 4332(C); 40 C.F.R. § 1500.1(a). Major federal actions tend to involve the allocation of federal resources or an approval of a project. 40 C.F.R. § 1508.1(q)(3). "Judicial or administrative civil or criminal enforcement actions" are not major federal actions requiring NEPA analysis. 40 C.F.R. § 1508.1(q)(1)(iv).

Here, the Forest Service decided *not* to use federal resources to litigate a potential civil claim. That any prescriptive rights likely lapsed, as the Forest Service admits, reinforces the conclusion that the Forest Service's decision not to sue is outside the scope the NEPA. Feds. Br. at 7–8. Nothing compels the Forest Service to allocate agency resources to

---

[6] The Plaintiffs also allege NEPA violations related to trail construction. Plaintiffs' Reply at 20. As the Forest Service previously explained, the agency complied with NEPA for all trail decisions. Feds. Br. at 11–21.

litigate a fruitless claim, and NEPA does not require the agency to analyze its decision to not waste its time on unwinnable lawsuits. *See* 40 C.F.R. § 1508.1(q)(1)(iv).

Further, the Forest Service was not required to analyze its acceptance of the Zimmermans' trail donation under NEPA. While accepting a donation of land may be a major federal action, it is categorically excluded from NEPA analysis. 36 C.F.R. § 220.6(d)(6)(i);[7] *see also* AR_000676 (Jason Brey, Acting Deputy Forest Supervisor, stating that acquisition of an easement is categorically excluded from the NEPA process). The Forest Service does not need to conduct a NEPA analysis when it "[a]ccept[s] the donation of lands or interests in land." 36 C.F.R. § 220.6(d)(6)(i). Furthermore, the Forest Service does not even need to prepare a decision memo explaining that the acceptance of a donation is categorically excluded because it falls within the categories of action "for which a project or case file and decision memo are not

---

[7] In November 2020, the Forest Service amended its regulations to add additional categorical exclusions. 85 Fed. Reg. 73,620-01 (Nov. 19, 2020). The categorical exclusion for donations of interests in land predates the new regulation and was in effect at the time of the Trail Donation Agreement.

required." 36 C.F.R. § 220.6(d). No NEPA analysis was required for the Trail Donation Agreement.

Even if the Plaintiffs were correct that the Trail Donation Agreement is a land exchange, it would still be categorically excluded from NEPA analysis. A "[s]ale or exchange of land or interest in land and resources where resulting land uses remain essentially the same" are also categorically excluded from NEPA analysis. 36 C.F.R. § 220.6(d)(7). Even if the Plaintiffs were correct about what the Forest Service gave up, it only gave up one access easement for another access easement to the same National Forest. The resulting land uses remain essentially the same. Therefore, the Forest Service did not violate NEPA by accepting the easement donation.

## III. Even If the Forest Service Had a Bona Fide Easement Prior to the Trail Donation Agreement, FLPMA Section 206, NFMA, or Their Implementing Regulations Would Not Apply.

FLPMA's Section 206 and its implementing regulations apply only to the disposition of federal land and interests in federal land. 43 U.S.C. § 1716(a); Zimmermans' Br. at 26–31. Because the Trail Donation Agreement concerns only interests in the Zimmermans' private land,

18

Plaintiffs' FLPMA claim fails even assuming the Forest Service gave up a bona fide easement. *See id.*

Plaintiffs appear to dispute some part of the Zimmermans' straightforward argument, but what Plaintiffs disagree with and why is unclear. They appear to concede, for instance, that FLPMA's exchange requirements apply not only to "federal lands" but also "interests in federal lands." Plaintiffs' Reply at 16–17. But they argue only that an easement is an interest in real property, *id.* at 18–19, offering no argument that an easement across the Zimmermans' land would be an interest *in federal land*. Zimmermans' Br. at 28–29.

As Plaintiffs appear to concede, Section 206 and its implementing regulations are, on their face, limited to exchanges of federal land or interests in federal land. *See* 43 U.S.C. § 1716(a); 36 C.F.R. § 254.1(a). *See also* Zimmermans' Br. at 26–31. Section 206, for instance, refers to "interests therein," *i.e.*, property interests in the categories of property identified ("public lands" and "lands ... in the National Forest System"). *See* 43 U.S.C. § 1716(a). Thus, these provisions would be implicated were the Forest Service to exchange with a private party an easement across federal land or the rights to minerals, timber, or water on federal land.

*See* 36 C.F.R. § 254.1(b). But no such interests in federal land are at issue in this case.

The regulations—but not the statute—may also regulate "other methods of acquisition" where expressly indicated. 36 C.F.R. § 254.1(b). But Plaintiffs do not contend that the provisions they cite expressly cover other methods of acquisition or interests in private property. *Compare* Zimmermans' Br. at 31 *with* Plaintiffs' Reply at 17–18.

The Zimmermans' reading of Section 206 and its implementing regulations is confirmed by the Supreme Court's recent decision in *United States Forest Service v. Cowpasture River Preservation Association*, 140 S. Ct. 1837 (2020). *See* Zimmermans' Br. at 27–28. True, the facts of that case were different, as the Zimmermans acknowledged, *See* Zimmermans' Br. at 28; Plaintiffs' Reply at 19–20 (responding only "that case was different"), but the Court's holding and rationale have relevance here.

In *Cowpasture*, the Court considered whether a National Park Service trail across Forest Service land rendered it "lands in the National Park System." 140 S. Ct. at 1846. Because land was "the object of the relevant statute," as it is in Section 206, the Court focused on the

ownership and status of the land, not the trail. *Id.* at 1844. *See* 43 U.S.C. § 1716(a). Applying the same logic here, a Forest Service easement (even where it exists) does not render private land burdened by that easement lands within the National Forest System. *See* 140 S. Ct. at 1844–46; *see also* Zimmermans' Br. at 27–28.

Similarly, NFMA also does not apply, even assuming the Forest Service had a bona fide easement. NFMA requires the Forest Service to develop forest plans for "for units of the National Forest System." 16 U.S.C. § 1604(a). The consistency requirement applies to instruments for "the use and occupancy of *National Forest System lands*." *Id.* § 1604(i) (emphasis added). The Zimmermans' private property is not National Forest System Lands.

Moreover, regulation of private land as the National Forest System lands based on a mere easement would have "striking implications for federalism and private property rights." *Cowpasture*, 140 S. Ct. at 1849–50. Therefore, Plaintiffs must identify "exceedingly clear language" compelling that result. *Id. See* Zimmermans' Br. at 32–33. Plaintiffs make no attempt to do so. *See* Plaintiffs' Reply at 19–20. And, because Plaintiffs' claims raise serious constitutional questions under the

21

Takings Clause, they must overcome additional hurdles under the constitutional avoidance canon which, again, they make no attempt to clear. *See also* Zimmermans' Br. at 33–36.

For these reasons, Plaintiffs' arguments over whether a bona fide easement is a property right are simply beside the point. The governing statutes and their implementing regulations do not apply to all interests the Department of the Interior and the Forest Service may own,[8] and Plaintiffs offer no argument to the contrary. Instead, these laws apply only to federal lands and interests in federal land, not interests in private lands. *See* Plaintiffs' Reply at 16–17 (conceding this point). Plaintiffs do not dispute that the Trail Donation Agreement concerns only private land and interests in private land. Therefore, their FLPMA and NFMA claims fail as a matter of law.

---

[8] Which is not to say that disposal of such interests may not be regulated under different provisions not limited to interests in federal land. *See* Zimmermans' Br. at 31 (citing 41 C.F.R. §§ 102-75.936–102-75.938). But Plaintiffs have asserted no claim under those regulations.

**CONCLUSION**

This Court should deny Plaintiffs' motion for summary judgment and grant the Zimmermans' and the Forest Service's motions for summary judgment.

Dated: July 16, 2021.

Respectfully submitted,

/s/ Jeffrey W. McCoy          /s/ Ethan W. Blevins
JEFFREY W. McCOY              ETHAN W. BLEVINS
        *Attorneys for Defendants M Hanging Lazy 3, LLC*
                *and Henry Guth, Incorporated*

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the word count limitation in

D. Mont. L.R. 7.1(d)(2) and contains 4,489 words.

/s/ Ethan W. Blevins
ETHAN W. BLEVINS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ethan W. Blevins
ETHAN W. BLEVINS