**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRIENDS OF THE CRAZY MOUNTAINS, a public land organization; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MARY ERICKSON, in her official capacity as Forest Supervisor for the Custer Gallatin National Forest; et al., <br><br> Defendants-Appellees. | No.   22-35555 <br><br> D.C. No. 1:19-cv-00066-SPW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted October 17, 2023
Portland, Oregon

Before: KOH and SUNG, Circuit Judges, and EZRA,[**] District Judge.

Plaintiffs allege that in rerouting certain trails in the Custer Gallatin National Forest ("the Forest"), Defendants violated the National Environmental Policy Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

("NEPA") and the Administrative Procedure Act ("APA"). Plaintiffs appeal the district court's order granting summary judgment in Defendants' favor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's grant of summary judgment upholding an agency decision." *N. Alaska Env't Ctr. v. U.S. Dep't of the Interior*, 983 F.3d 1077, 1084 (9th Cir. 2020). "Because judicial review of agency decisions under NEPA is governed by the APA, we must consider whether the agenc[y] complied with NEPA's requirements under the APA's deferential arbitrary and capricious standard." *Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 36 F.4th 850, 871 (9th Cir. 2022), *cert. denied sub nom. Am. Petroleum Inst. v. Env't Def. Ctr.*, 143 S. Ct. 2582 (2023). The party challenging an administrative decision as arbitrary and capricious under NEPA bears the burden of proof and persuasion. *Ctr. for Cmty. Action & Env't Just. v. Fed. Aviation Admin.*, 61 F.4th 633, 639–40 (9th Cir. 2023).

1. The district court did not err in finding that the 2018 trail rerouting project ("the Ibex project") was included in earlier NEPA analyses. When determining whether a NEPA environmental impact statement ("EIS") is the EIS for a subsequent action, it is "appropriate to rely on an EIS's defined scope." *N. Alaska Env't Ctr.*, 983 F.3d at 1093; *see also Friends of Yosemite Valley v. Norton*, 348 F.3d 789, 801 (9th Cir. 2003) ("The determination of whether a 'critical decision'

has been made begins with an accurate description of the [agency's] proposed action." (citation omitted)), *opinion clarified*, 366 F.3d 731 (9th Cir. 2004). We assess whether the relevant NEPA documentation "provides reasonable notice that the intended scope encompassed the [subsequent project]." *N. Alaska Env't Ctr.*, 983 F.3d at 1095.

Here, Defendants completed an EIS in 2006 and a related environmental assessment ("EA") in 2009. Both the 2006 EIS and the 2009 EA gave reasonable notice that the 2018 trail reroute fell within their respective scopes. The 2006 EIS stated it would adopt a management plan for public access and travel within the Forest, and made mention of numerous trails that would eventually be relocated, including those at issue here. *See Te-Moak Tribe of W. Shoshone of Nevada v. U.S. Dep't of the Interior*, 608 F.3d 592, 600 (9th Cir. 2010) (stating an agency "may adapt its assessment of environmental impacts when the specific locations of [a project] cannot reasonably be ascertained until some time after the project is approved"). The 2009 EA more specifically identified the trail relocation at issue, and provided an estimated area where the reroute would take place, pending certain easement negotiations. Plaintiffs contend that the earlier NEPA analyses did not describe the Ibex project with sufficient specificity. But they point to nothing requiring a greater level of granularity. *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1117 (9th Cir. 2002) (rejecting the argument that an agency's maps

3

were insufficiently detailed because "plaintiffs cannot seriously dispute that they had actual notice as to the [] areas that would be affected"), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Without more, Plaintiffs fail to show Defendants acted arbitrarily and capriciously in relying on the 2006 EIS and the 2009 EA.

 2. To the extent Plaintiffs challenge the adequacy of the 2006 EIS and the 2009 EA, they failed to exhaust their administrative remedies in 2006 and 2009. *See Great Old Broads for Wilderness v. Kimbell*, 709 F.3d 836, 846–47 (9th Cir. 2013) (observing APA and agency statutory and regulatory provisions require administrative exhaustion prior to bringing a NEPA claim).

 Plaintiffs do not dispute that they did not seek administrative remedies in 2006 or 2009. Instead, they argue that there was nothing to exhaust because "there was no [trail reroute] decision to review and evaluate and no opportunity to raise concerns about a possible future plan to move the trail." This mischaracterizes the record. The agency made clear as it prepared the 2009 EA that the trail at issue would be rerouted, and approximated where the new trail would go. And in fact, at least a handful of individuals commenting on the 2009 EA raised specific questions about the trail reroute that would become the Ibex project. Because

Case: 22-35555, 04/08/2024, ID: 12875626, DktEntry: 52-1, Page 5 of 5
Case 1:19-cv-00066-SPW   Document 115   Filed 04/08/24   Page 5 of 5

5

Plaintiffs have failed to exhaust their administrative remedies, we do not consider the adequacy of the 2006 EIS or the 2009 EA any further.

**AFFIRMED**.